UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| GINA TIMMERMAN and LESLIE TIMMERMAN, | |
| Plaintiffs, | |
| v. | PLAINTIFFS' COMPLAINT |
| NAVIENT SOLUTIONS, INC. f/k/a Sallie Mae, Inc., | |
| Defendant. | |

# COMPLAINT

NOW COME Plaintiffs, GINA TIMMERMAN (individually "Gina") and LESLIE TIMMERMAN (individually "Leslie") (collectively "Plaintiffs"), by and through their attorneys, KROHN & MOSS, LTD., and hereby allege the following against Defendant, NAVIENT SOLUTIONS, INC. f/k/a Sallie Mae, Inc. ("Defendant"):

## Introduction

1. Plaintiffs' Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

## Jurisdiction and Venue

2. Jurisdiction of this court arises pursuant to 28 U.S.C. 1331 and 47 U.S.C. § 227.

3. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) as the acts giving rise to this action occurred in this district, as Plaintiffs reside in this district and Defendant conducts business in the this district.

## Parties

4. Gina is a natural person residing in Dearing, Georgia, McDuffie County.

5. Leslie is a natural person residing in Dearing, Georgia, McDuffie County.

6. Defendant is a business entity with an office located at 2001 Edmund Halley Dr., Reston, Virginia 20190.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## Factual Allegations

8. In 2014, Defendant began placing telephone calls to (706) 829-04xx, Gina's cellular telephone number, and to (706) 829-44xx, Leslie's cellular telephone number.

9. Defendant's calls are regarding Plaintiffs' student loans and are for non-emergency purposes.

10. Upon information and belief based on the frequency, number, and nature of the calls, as well as Defendant's publicly known practices, Defendant called Plaintiffs with an automatic telephone dialing system or other equipment capable of storing and/or producing telephone numbers ("auto dialer").

11. On June 25, 2014, Gina instructed Defendant, through one of its employees, to stop calling.

12. Gina revoked any consent, actual or implied, for Defendant to use an auto dialer to call her cell phone.

13. Defendant continued to use an auto dialer to call Gina's cell phone.

14. Defendant knowingly, voluntarily and willfully used an auto dialer to call Gina's cell phone.

15. Defendant intended to use an auto dialer to call Gina's cell phone.

16. Since June 25, 2014, Defendant has used and auto dialer to call Gina's cell phone at least five hundred sixty-seven (567) times.

17. On June 28, 2014, Leslie instructed Defendant, through one of its employees, to stop calling.

18. Leslie revoked any consent, actual or implied, for Defendant to use an auto dialer to call her cell phone.

19. Defendant continued to use an auto dialer to call Leslie's cell phone.

20. Defendant knowingly, voluntarily and willfully used an auto dialer to call Leslie's cell phone.

21. Defendant intended to use an auto dialer to call Leslie's cell phone.

22. Since June 28, 2014, Defendant has used and auto dialer to call Leslie's cell phone at least three hundred twenty-two (322) times.

## Count I
## Defendant Violated the Telephone Consumer Protection Act

23. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiffs to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

24. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiffs to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiffs, GINA TIMMERMAN and LESLIE TIMMERMAN, request that judgment be entered against Defendant, NAVIENT SOLUTIONS, INC. f/k/a Sallie Mae, Inc, for the following:

25. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B).

26. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C).

27. All court costs, witness fees and other fees incurred.

28. Any other relief that this Honorable Court deems appropriate.

                Respectfully submitted,

                KROHN & MOSS, LTD.

Date: December 5, 2014        By: /s/ Shireen Hormozdi
                Shireen Hormozdi
                Krohn & Moss, Ltd
                10474 Santa Monica Blvd.
                Suite 405
                Los Angeles, CA 90025
                Tel: (323) 988-2400 x 267
                Fax: (866) 861-1390
                Email: shormozdi@consumerlawcenter.com